or are not to exceed 15 minutes per side. Good afternoon. May it please the court, Andrea Christensen of the Michigan Attorney General's Office appearing on behalf of the state. I'd like to request three minutes for rebuttal. The district court granted habeas relief in this case based on Cory Donald's claim that he was denied his Sixth Amendment right to counsel during a critical stage, and we respectfully ask that this court reverse. The facts of this case are simple. We know that it was a multidefendant case. We know that that Cory Donald's counsel was absent from the courtroom for a brief period of time, and we know that testimony was The question that this court needs to answer is whether the Michigan Court of Appeals decision that counsel's absence was not during a critical stage was reasonable under Edpus deferential standard. Not to answer that question, this court must determine if the Supreme Court has ever actually defined what constitutes a critical stage. And the answer to that question is no. Over the past several decades, the Supreme Court has given general at various steps of a criminal proceedings, arraignment, preliminary hearings, sentencing. But it has never defined what constitutes a criminal. Excuse me. What constitutes a critical stage in the context of evidence taking of the prosecutor's case in chief, as the council argues it, or even trial in general. So because the Supreme Court has not spoken on what constitutes a critical stage within the confines of trial, it was not unreasonable for the state court to determine that the circumstances here did not qualify as a critical stage. Well, even if exposing you and correct me if you have a different view of it, but don't we look to see whether the result of what the state did was violative of those principles we they could have the wrong reasoning. But if the result is right, it doesn't make any difference, does it? I completely agree with you, Your Honor. There are several cases out of this circuit and out of others. I could say the one that I would cite right now is is West versus Bell. There's also one in our case. I believe it's hadn't. It's a Seventh Circuit case, but there are several cases out of this circuit and others that says that the reasoning aside, it's the outcome to which deference is out. And in this case, we've got a determination that chronic was not applicable and that there was no prejudice resulting from the from the evidence that was admitted during counsel's absence. So with respect to the question of whether chronic applies, your position is that the Supreme Court has not stated that trial criminal trial is a critical stage. Yes, Your Honor. And that if I may ask, what would be a critical stage? I don't disagree that this is a debated issue. It especially is in this in it may seem counterintuitive that that trial would not be considered a critical stage. However, what habeas requires is that there is a clearly established Supreme Court law that was violated. And here there is. We don't dispute that that the critical stages when when counsel is absent during a critical stage that prejudice is presumed. We do not dispute that. I asked you the question. What is what has the Supreme Court held as a critical stage? Oh, my my apologies. I misunderstood. Uh, the courts have held in various degrees critical stages being sentencing. They have held that on. I will point to the specific case of Hamilton versus Alabama. That case, the Supreme Court held that Alabama's law made arraignment a critical stage because if the defendant in that case did not plead insanity at his arraignment, he lost the opportunity to do so. So in Alabama, that was considered a critical stage. However, the court noted that jurisdictions, I believe they noted it in the body of their opinion and also in a footnote that different jurisdictions handle arraignment differently. I'm finding it. I'm sorry to be so blunt, but I'm finding it almost impossible to contemplate that a criminal trial is not a critical stage of a criminal trial. Yeah. So if you could help me, I really cannot fathom that idea. No, no. And I understand. Uh, however, and I hate to be repetitive, but my answer to that is that if this was a direct review case, maybe that's what this court says. But on habeas, we don't. There is no Supreme Court decision that I could find. And I looked that said trial from arraignment to sentencing. That's a critical stage. Council cannot be absent. And I would also analogize it to the fact that the circuit courts and that's where a lot of the debate about critical stage happens, especially since chronic. Uh, but but in the circuit courts, we see debate about stages within trial. We see it at the return of the verdict. We see it as supplemental jury instructions, as this court is well aware, with French versus Jones and Hudson versus Jones. If all of trial was considered a critical stage, those cases wouldn't happen because if if trial was arraignment to appeal or if it was from Bois Dear or the or the swearing of the jury to the verdict. If the Supreme Court tells us that, then we know for sure. But we don't have anything that says from one from moment eight moment B is a critical stage. Council cannot be absolutely. Let's let's try a hypo suppose that we have a criminal case against a single defendant and his counsel is absent when the chief accuser testifies that the criminal defendant committed the crime. Would that be a or would your position be? No, the Supreme Court hasn't told us that that's a critical stage, so it's not. I would. I would submit. Actually, I would. I would say it's the latter. I would say it's counterintuitive to say otherwise, and I don't disagree with that. However, but we do have circuit court precedent that says that when you have direct evidence against a defendant, whether it be direct evidence in a multi defendant case or direct evidence in a in a single person case, that direct evidence of guilt is a critical stage. We do have circuit circuit court precedent on that, so I went to disagree with you on that circuit. Decided that yes, habeas case without there being a Supreme Court case. Yes. So, too, we could decide that in this case without there being a Supreme Court case. If they're circuits who have done that already and have not been overturned absolutely. Absolutely. I argue that that's simply not the case, especially under the special circumstances of this case, being that it is a multi defendant trial and the evidence the evidence that came in were evidence of phone calls between all other members that that participated in this robbery slash murder. It was in reference to only those defendants. Corey Donald's name didn't even come up in that testimony. It wasn't brought up by name, and he wasn't brought up even by inference. While counsel was missing, the only time that his name came up with respect to those phone calls was during closing argument when counsel was present, and he immediately addressed it, frankly, at the most important time, which is right before they go into deliberations. The jury. Well, I tend to agree with where Judge Moore was taking you, but at the risk of putting words in your mouth, which I guess that's what I'm doing. Ah, trial is clearly a critical stage of the proceeding, but not everything that results during that trial deprives the defendant of his Sixth Amendment right to counsel. I think that has to be your argument. Yes, if if I'm if I'm may find that trial in and of itself as as a broad as a broad term is a critical stage, but it can be broken up within. That's that's the best that we can come up with at this point. However, I do want to say before my time runs down too much is I want to point the court to Van versus Jones. It is a 2000 and seven case out of this circuit, and I think that it's instructive in this. In this instance, it was not a it was not a trial case. It was a consolidation hearing. But what that court held was that because there is not a comprehensive definition of critical stage that courts must examine what actually happened during counsel's absence in order to determine if there's a reasonable probability that the defendant actually suffered significant consequences. And this is what I think the most debate is about because it may seem absurd to have to examine prejudice to determine if there's a presumption of prejudice. However, without a directive from the Supreme Court, which which we just maintain there is not the state court's decision to examine what actually happened during the absence was reasonable, and it was in line with this court's decision in Van. So essentially what you're arguing is not whether it was a critical stage, but whether even if it was a critical stage, chronic requires a per se rule that there was prejudice. That's what this circuit has said. Yes, Your Honor. This circuit, this circuit has said that that you in order to determine if I'm if a certain moment during trial is a critical stage, then you have to examine what actually happened. Chronic, on the other hand, says prejudice is so I wanted to make that distinction. Well, let's be a little careful there, because if he was, I think the case law is that if if he was deprived of counsel during a critical stage of the proceedings, he's absolved from having to show the prejudice proved the prejudice prong under strictly. Yes, because because under Strickland, you have to establish prejudice. So under under chronic, there would be no. He's absolved of having to show prejudice under chronic. Okay, if I'm understand, that's a little different answer than you gave a moment ago. Or maybe I misunderstood it. Maybe I misunderstood it. My apologies. I understand that it's that it's a It's a stretch to say that that the Supreme Court hasn't said that what parts of trial are considered critical stages. But in the habeas world that we're in, that's what has to be established to grant this relief. I'll reserve the rest of my time. Good afternoon. May it please the court. Kimberly Thomas of the Michigan Juvenile Justice Clinic for Mr Corey Donald. Your honor's that in this case, Mr Donald's court appointed counsel was absent during the testimony of a prosecution witness during the state's case in chief of his trial for aiding and abetting in a felony murder homicide. The core of the criminal trial is the taking of testimony that is used to support the guilt of the accused. That's a critical stage of the trial. There are many cases, and I'm sure this court has seen them that nip at the edges of what the Supreme Court might consider a critical stage. But this case is not one of them. The state court unreasonably applied, clearly established law and its failure to apply chronic to this case. And we ask you to affirm the district court's decision. Your honor's there is clearly established law in this case. There's chronic. There's the subsequent cases that address where the absence of counsel at a critical stage requires automatic reversal. A critical stage is the step of the criminal proceeding, for example, in Bellevue Cone that holds significant consequences for the accused. And sister counsel cited to Van B. Jones, which basically looked to the Bellevue Cone definition and said, is there a reasonable likelihood of a significant consequence for the accused at this stage of the proceeding? So we're looking at the stage of the case, not at specific facts that are entered into the case at that particular stage. Here, the stage of the case is the taking of testimony during Mr Donald's homicide trial. Testimony had to do only with one of the codefendants. Would it then be a critical stage for this? If it had nothing to do with, for example, there were two juries in this case. Mr Moore had a jury and Mr Sane and Mr Donald had a jury. If this was testimony that just was heard by Mr Moore's jury, that would not be a With respect to Sane and Donald, suppose hypothetically that there was testimony that only pertains to Sane and Donald's counsel wasn't there. Would that be a critical stage for Donald? In an aiding and abetting case? The answer is no, because the guilt of the other defendants in the case, Mr Donald's guilt is premised on the guilt of the other defendants in this case. So that would be a critical stage if it's going to the guilt of the codefendant in an aiding and abetting case. This is an aiding and abetting case. So under state law, it requires that Mr Donald aid, procure or counsel. He's responsible for the natural and probable consequences of any crime that another person commits. The jury was correctly instructed that they had to find that someone, Mr Donald or someone else committed the crime. In this case, there was no debate that this was an aiding and abetting case. And so Mr Donald's liability is hinged on the liability of his codefendants. That's the whole crux of the state's case. Let me ask you this question. Supposing that the thing played out pretty much like it did here, but when they reconvened in court, the counsel, defense counsel said, Judge, I got an emergency phone call. This what's happening next doesn't pertain to my client. Do you mind if I absent myself for a few minutes? And the judge went back into court and said to the defendant on the record, your counsel has an emergency phone call. He wants to absent himself for five minutes. Do you have any objection? Any problem? This is a right that can be waived. So a defendant could waive his or her right to counsel that did not occur here. My point is, it's not the mere absence in and of itself. It is the problem. Well, an absence accompanied by and knowing involuntary waiver would be fine. Well, supposing that there's a video of this trial, and it shows that defense counsel fell asleep for two minutes while the trial was going on. Has the defendant been deprived of his Sixth Amendment right to counsel? So what the case cases tell us is that here we have a record where there's no ambiguity about what happened, right? There's a unlike some cases this court has seen where we're not sure if defendant left or for how long. Here there's a clear departure and arrival. We know what occurred during that time. And when he came back in, the judge inquired as to whether he needed any review of what occurred and so forth and so on. When he came back, the judge said that I'm paraphrasing, but we've been taking testimony related to the calls. That's all that's happened while you were gone, something like that. And that was all that happened. That's what had happened, that there was testimony from Detective Sergeant Marchetti, who was one of the lead detectives. And we know from the record that counsel is not gonna make any objection to that testimony coming in. Well, we don't know what counsel would have done had he been there, right? I mean, that's the whole point. I think that sister counsel points to the fact that the defense attorney addressed this in closing. It's obvious why the defense attorney addressed it in closing, because in the prosecutor's closing, she makes so clear how important this culpability. She says that the phone records are critical to tie all the defendants, including Mr Donald, into this conspiracy. And so he has to respond at that. But there's no indication that it would have played out any differently if he had been sitting there. That's not really the question before the court. The question is, is what happened here a critical stage of the trial or not? No, it isn't. The question is, was he deprived of counsel during a critical stage of the proceeding? That's the question, right? I'm sorry, but counsel was absent. So it's not. There might be a difference between deprivation and absence. Well, the there might be. In this case, there's not. In this case, Mr Donald, uh, did not have any choice in the matter. His counsel left during the taking of this is a weird situation, and I would be the first to say so. But what troubles me about it is that, um, not only did counsel say this stuff just doesn't impact on my client whatsoever. And then later on, say, by the way, in closing argument, sort of make the argument. You see, it doesn't impact on my client. In fact, kind of shows his defense. His defense was I'm not saying this didn't all go down. I'm not saying at all that it didn't all go down. I'm just saying I wasn't part of it. Not even saying I wasn't there. Just I wasn't part of it. And nothing in this evidence shows that he was part of it, that he had actual knowledge of what was going on in the phone conversations. I mean, it really doesn't touch him. And so it's it's a little difficult to see how he was deprived of counsel at a time when counsel wouldn't have done anything that would have made any difference. Whatever here. So respectfully, I disagree with the proposition that it doesn't touch him. So it's clearly the state thought that this evidence touched him, that they thought that this tied all of the actors in this conspiracy together. And the state included Mr Donald in that calculation. The state can argue whatever it wants to. But the real question is, does this evidence do anything to tie him? And it's kind of hard to look at it and say that it does. The jury additionally could have reasonably inferred that Mr Donald was someone who made one of these phone However, there was a statement from Mr Stain that was introduced into the record that said Donald called him and said, I'm shot. Come pick me up. A reasonable jury could have thought that these phone calls were at least one or more of those phone calls were made by Mr Donald. And so there's there's not an unreasonable assumption that it in fact does go to Mr Donald specifically. But the fact that he was given the opportunity to object even after he came back in and didn't, to me, makes this more of a ineffective assistance of counsel case than a than a chronic case. Respectfully, I would disagree. So let me say why I think, especially in an aiding and abetting case, why it's so important is because the culpability of every party here is relevant to Mr Donald's culpability. And so if the jury believes that someone else committed this crime and Mr Donald helped them, then Mr Donald is guilty. But that's my point. It's the failure of counsel to object to that testimony. That is the problem. Well, counsel didn't do anything because he was absent. And so he had the opportunity to do something when he come back and he had the opportunity, knowing in advance to make a motion and limiting. He knew what testimony was going to be, so he had an opportunity at both ends. There is no suggestion in this case that he would have done anything differently than if he if he had been there. That being the case, the real nub of the problem is that he didn't object to this evidence coming in or that he didn't get a limiting instruction as to his client. Well, because he wasn't present, I mean, that's I guess I'm getting hung up on. So maybe I can. Well, that makes the case easy for you, but it isn't that easy. As a matter of fact, no, no, it's it's not in that if if it had just gone to someone else, but the fact that his attorney miscalculated and didn't appreciate that even evidence that went to his co defendant's guilt hurt his client is not, does not undermine the fact that this is a case under chronic. Okay. Um, counsel, uh, address the question of whether there's clearly established law. This court has been applying chronic since well, since 1984, but certainly since 1996. When we were, you were have been required to apply clearly established law of the court has, uh, this court and the U. S. Supreme Court has compared when it looks at whether something is a critical stage has compared the question this the stage in question to the stage in question here. So was this like a trial? So is arraignment like a trial? Is the defendant, uh, put in a position where he's, uh, faced by the state as he would be at a trial? Is that are we effectuating the rights that counsel would have at a trial? And so, uh, the lack of a case that says, per se, a critical stage is, uh, the taking of testimony at trial is not necessary. This court has been able to apply that the U. S. Supreme Court's cases on clearly established case law, clearly anticipate that lower courts can apply the principles of its cases to so the, uh, council sites carry this is misleading, but also right versus Van Patten. There there's a council who's peers by speaker phone, and the court says, Well, no, this isn't a complete denial. This is where someone's actually not here, right? It's a disembodied voice that's different when the council is absent. So here we have a case where the council is absent. It's clearly established that this should fall under chronic. Um, and it's not an edges of what a critical stages like many of the cases seen by this court. Um, the fact that uh, in terms of, uh, taint the taint of the other defendants conduct, even if the quickest court doesn't believe that Mr Donald's conduct was implicated by these phone calls at the tape from the other defendants is spread to him. It's spread to him through that testimony. The state vigorously argues that in Mr Ligon's testimony was not as credible as the state, I think, thought he would be. And so the state asserts that Mr Donald and Mr Sane are tied to this offense through these phone records that those phone records are what show that he is. There's a pre planned arrangement for Mr Donald to be picked up by Mr Sane after the commission of this robbery and whether or not his this testimony isn't the question because his attorney was absent and wasn't able to to defend him at that time. Um, and so the whether he he got it right or not, he was still not there at a critical stage of the trial. Your honors, I would submit that it's an extreme malfunction of our system when Mr Donald is literally left sitting without counsel at his homicide trial during the prosecution's case in chief and would ask that this court affirm the finding of the lower court that the state court unreasonably applying clearly established law. Thank you. Thank you. Just briefly, I think that I think that are our briefs very, very much so address this issue. And I and I know that the court has has a very, you know, sound grasp of what's going on here. So I'll wait the rest of my time. Thank you, Counsel. The case will be submitted being nothing further to come before the court this afternoon. You may adjourn the court. Sorry, of course. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. All right. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Did you lose? Did you lose something me? I was just looking for garbage. Oh, okay. Okay. Yeah. Yeah. It's a pretty rough. There's a little bit of a water. As if what's sitting here kind of worked out a piece of paper. Oh, yeah. Just give me here. Okay. Mm hmm.